IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| BUSH TRUCK LEASING, INC., | : | Case No. 1: 18-cv-871 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| CUMMINS, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

All parties to this case, by and through their respective counsel, jointly submit this Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Regarding Procedures in Civil Cases. The parties held their discovery conference on ___April 16, 2020___.

**A.** **MAGISTRATE CONSENT**

The parties:

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c).

☒ Do not unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. 636(c).

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) solely for purposes of deciding the following pretrial motions dispositive motions: _____
_____
_____.

☐ Unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) for trial purposes only if the District Judge assigned is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

**B.     RULE 26(a) DISCLOSURES**

☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☒ The parties will exchange such disclosures <u>    within 14 days after the Southern District of Ohio's General Order No. 20-08 is lifted or allowed to expire without further extension     </u>.

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

**NOTE**:  Rule 26(a) disclosures are **NOT** to be filed with the Court.

**C.     DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of

<u>The alleged defect in the ISX engines and related issues, the Defendants' alleged representations and promises, Plaintiff's alleged damages, the respective business relationships between and among the parties, as well as the parties' relationships with any third parties it leased and/or sold the trucks at issue to.                                                                                                                                 </u>

2. The parties recommend that discovery

☐ need not be bifurcated.

☐ Should be bifurcated between liability and damages.

☒ Should be bifurcated between factual and expert.

☐ Should be limited to or focused upon issues relating to

_____.

2

3. Disclosure and report of Plaintiff(s) expert(s) by   May 31, 2021  .

4. Disclosure and report by Defendant(s) expert(s) by   June 28, 2021  .

5. Disclosure and report of rebuttal expert(s) by   July 26, 2021  .

6. Disclosure of non-expert (fact) witnesses by   November 30, 2020  .

7. Fact Discovery cut-off   May 3, 2021  .

8. Expert Discovery cut-off   August 23, 2021  .

9. Anticipated discovery problems

    ☐ _____

    _____

    ☒ None.

10. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

Plaintiff seeks discovery on the defect in the ISX engines and related issues, the Defendants' knowledge of the defect, the Defendants' promises and representations, and the damages resulting from the defect and Defendants' promises and representations.

Defendants seek discovery on Plaintiff's purchase of trucks equipped with an ISX engine, including all communications relating to the negotiation and purchase of those trucks; Plaintiff's knowledge of the alleged defects in the ISX engines (including timing and substance); the alleged fraudulent statements by Defendants, including the time, place, and manner of such alleged statements; the meetings between and/or among the parties regarding the ISX engines and referenced in the Complaint; and, any other information relevant to Plaintiff's claims and Defendants' defenses.

11. **Discovery of Electronically Stored Information**.  The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

    ☐ Yes

    ☒ No

        i. The parties have electronically stored information in the following formats:

    _____

    _____

    _____

    _____

        ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

    <u>The parties will meet and confer to agree upon a proposed ESI protocol and form of production.  The parties expect to work, in good faith, through any ESI-related issues as they arise.</u>

    _____

12. **Claims of Privilege or Protection**.  The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

    ☒ Yes

    ☐ No

        i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

4

<u>The parties agree to negotiate and present to the Court for review and entry a proposed Stipulated Protective Order, which shall govern issues relating to privilege and protection of discovery and trial materials.</u>

_____

        ii. Have the parties agreed on a procedure to assert such claims AFTER production?

          ☐ No

          ☐ Yes

          ☒ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

<u>See above regarding proposed Stipulated Protective Order to be submitted to the Court.</u>

_____

**D.** **LIMITATIONS ON DISCOVERY**

    1. Change in the limitations on discovery

        ☐ Increase the amount of time (currently 1 day of 7 hours) permitted in which to complete depositions to _____.

        ☐ Increase the number of depositions (currently 10) permitted to _____.

        ☐ Increase the number of interrogatories (currently 25) permitted to _____.

        ☒ None.

**E.** **<u>PROTECTIVE ORDER</u>**

> ☒ A protective order will be submitted to the Court on or before
>
> <u>within 30 days after the Southern District of Ohio's General Order No. 20-08 is lifted or allowed to expire without further extension.</u>
>
> ☐ The parties currently do not anticipate the need for a protective order.  If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court.  Such order will comply with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and its progeny.

**F.** **<u>SETTLEMENT</u>**

> A settlement demand ☒ has or ☐ has not been made <u>on Cummins, Inc.</u> .
>
> A response to the demand ☒ has or ☐ has not been made.
>
> A demand can be made by _____.
>
> A response can be made by _____.

**G.** **<u>MOTION DEADLINES</u>**

> 1. Motion to amend the pleadings and/or add parties by <u>120 days after Rule 26(a) initial disclosures are exchanged</u>.
>
> 2. Motions related to the pleadings by <u>60 days after deadline for motion to amend the pleadings and/or add parties</u>.
>
> 3. Dispositive motions by <u>September 24, 2021</u>.

**H.** **<u>OTHER MATTERS</u>**

<u>Due to the current public health emergency and the parties' recognition of the challenges and disruptions caused by COVID-19, the parties have agreed to delay discovery until the Southern District of Ohio's General Order No. 20-08, and any further extension of that Order or other orders regarding the COVID-19 pandemic, are lifted or allowed to expire.</u>

6

Signatures:

| | |
|---|---|
| */s/ Jacob D. Rhode* | */s/ Erin E. Rhinehart (via email authorization)* |
| Gregory M. Utter (0032528) | Erin E. Rhinehart (0078298) |
| Jacob D. Rhode (0089636) | Faruki PLL |
| Amanda B. Stubblefield (0097696) | 201 E. 5th Street, Suite 1420 |
| KEATING MUETHING & KLEKAMP PLL | Cincinnati, OH 45202 |
| One East Fourth Street, Suite 1400 | erhinehart@ficlaw.com |
| Cincinnati, Ohio 45202 | |
| Tel: (513) 579-6400 | and |
| Fax: (513) 579-6457 | |
| gmutter@kmklaw.com | Jennifer Hannah |
| jrhode@kmklaw.com | Elizabeth D. Hatting |
| astubblefield@kmklaw.com | Lathrop Gage, LLP |
| | 2345 Grand Boulevard, Suite 2200 |
| *Attorneys for Plaintiff* | Kansas City, MO 64108-2618 |
| *Bush Truck Leasing, Inc.* | jhannah@lathropgage.com |
| | ehatting@lathropgage.com |
| | |
| | *Attorneys for Defendant Cummins, Inc.* |

*/s/ Sarah K. Rathke (via email authorization)*
Sarah K. Rathke
Squire Patton Boggs (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114-1304
sarah.rathkey@squirepb.com

and

Jeffrey W. DeBeer
Squire Patton Boggs (US) LLP
221 E. 4th Street, Suite 2900
Cincinnati, OH 45202
jeffrey.debeer@squirepb.com

*Attorneys for Defendants, Knight-Swift Transportation Holdings Inc., Swift Leasing Co. LLC, and Interstate Equipment Leasing, LLC*

7